**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

DONALD WRIGHT,                    ) Case No. CV 15-9142-SVW (AS)
                                  )
                Petitioner,       ) **ORDER OF DISMISSAL**
                                  )
        v.                        )
                                  )
RON RACKLEY, Warden,              )
                                  )
                Respondent.       )
_____ )

**BACKGROUND**

On November 24, 2015, <u>pro</u> <u>se</u> Petitioner, in state custody, filed a "Martinez Motion Under Trevino vs. Thaler 133 S.Ct. (2013)." (Docket Entry No. 1).  On December 10, 2015, Petitioner filed an "Amended Martinez Motion Under Trevino vs. Thaler 133 S.Ct. (2013)." (Docket Entry No. 3).  On December 15, 2015, Petitioner filed a "Martinez Motion Under Trevino v. Thaler 133

1

S.Ct. (2013)",[1] which the Court construes as a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 ("Petition").[2]   Petitioner challenges his 1994 convictions in Los Angeles County Superior Court (Case No. TA030176).[3]   Petitioner alleges that he received ineffective assistance of counsel based on his appellate counsel's failure to raise the claim that the trial court failed to give him proper warnings and advisements under Faretta v. California, 422 U.S. 806 (1975) prior to granting Petitioner's motion to represent himself.   Petitioner contends that his appellate counsel's failure serves as "cause" for the procedural default on direct appeal.   Petitioner further contends that the California Supreme Court's denial of Petitioner's habeas petition did not "clearly

---

[1]     The Court will disregard Petitioner's prior pleadings.

[2]     In Martinez v. Ryan, 132 S.Ct. 1309, 1320 (2012), the United States Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."

        In Trevino v. Thaler, 133 S.Ct. 1911, 1921 (2013), the United States Supreme Court concluded that the Martinez holding applies "where, as here, state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal[.]"

[3]     On October 24, 1994, a jury convicted Petitioner of second degree robbery and evading a peace officer.   The trial court found true the special allegations that Petitioner had suffered two prior or serious felony convictions and had served three prior prison terms.   On December 13, 1994, the trial court sentenced Petitioner to prison to a total of 36 years to life. (See Donald Redick, a.k.a. Donald Wright v. C.A. Terhune, et al., Case No. CV 99-2338-HLH (CT); Docket No. 31 at 2).

and expressly" rely on an independent and adequate state law ground which would bar federal review of Petitioner's claim. (Petition at 1-14).

On March 5, 1999, Petitioner filed a Petition for Writ of Habeas Corpus, in which he challenged the same 1994 convictions. <u>See Donald Redick a.k.a. Donald Wright v. C.A. Terhune, et al.</u>, Case No. CV 99-2338-HLH (CT); Docket Entry No. 1 ("the prior habeas action").  On September 29, 1999, the Court issued an Order and Judgment denying the habeas petition with prejudice as time-barred, in accordance with the recommendations of the Magistrate Judge. (<u>Id.</u>; Docket Entry Nos. 37-38). On January 6, 2000, the Court denied Petitioner a Certificate of Appealability. (<u>Id.</u>; Docket Entry No. 44).  On April 26, 2000, the Ninth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability.  (<u>Id.</u>; Docket Entry No. 48).

On July 20, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254, in which he challenged the same 1994 convictions.  <u>See Donald Gebe Wright v. Ron Rackley</u>, Case No. CV 14-5922-SVW (AS); Docket Entry No. 1.  On February 2, 2015, the Court issued an Order and Judgment denying and dismissing that habeas petition without prejudice as an unauthorized, successive petition. (<u>Id.</u>; Docket Entry Nos. 14-15). On February 27, 2015, the Court denied Petitioner's motion for relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(6).  (<u>Id.</u>; Docket Entry No. 18).  On March 26, 2015, the Court denied Petitioner's request for a Certificate of

3

Appealability. (<u>Id</u>.; Docket Entry No. 21).   On September 18,
2015, the Ninth Circuit Court of Appeals denied Petitioner's
request for a Certificate of Appealability.   (<u>Id</u>.; Docket Entry
No. 26).

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), enacted on April 24, 1996, provides in pertinent part
that:

> (a) No circuit or district judge shall be
> required to entertain an application for a writ of
> habeas corpus to inquire into the detention of a
> person pursuant to a judgment of a court of the
> United States if it appears that the legality of such
> detention has been determined by a judge or court of
> the United States on a prior application for a writ
> of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or
> successive habeas corpus application under section
> 2254 that was presented in a prior application shall
> be dismissed.
>
> (2) A claim presented in a second or successive
> habeas corpus application under section 2254 that was
> not presented in a prior application shall be
> dismissed unless--
>
> (A) the applicant shows that the claim relies on
> a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court, that
> was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could
> not have been discovered previously through the
> exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven
> and viewed in light of the evidence as a whole, would
> be sufficient to establish by clear and convincing
> evidence that, but for constitutional error, no
> reasonable fact finder would have found the applicant
> guilty of the underlying offense.

4

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The instant Petition and the prior habeas action both challenge Petitioner's custody pursuant to the same 1994 judgment

5

entered by the Los Angeles County Superior Court.  Accordingly,
the instant Petition, filed on December 15, 2015, well after the
effective date of the AEDPA, is a second or successive habeas
petition for purposes of 28 U.S.C. § 2244.  Therefore, Petitioner
was required to obtain authorization from the Court of Appeals
before filing the present Petition.  See 28 U.S.C. §2244(b)(3)(A).
No such authorization has been obtained in this case.

     Moreover, the claim asserted in the instant Petition does not
appear to fall within the exceptions to the bar on second or
successive petitions because the asserted claim is not based on
newly discovered facts or a "a new rule of constitutional law,
made retroactive to cases on collateral review by the Supreme
Court, that was previously unavailable." Tyler v. Cain, 533 U.S.
656, 662 (2001).  However, this determination must be made by the
United States Court of Appeals upon a petitioner's motion for an
order authorizing the district court to consider his second or
successive petition. 28 U.S.C. § 2244(b); see also Burton v.
Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not
receive authorization from the Court of Appeals before filing
second or successive petition, "the District Court was without
jurisdiction to entertain [the petition]"); Barapind v. Reno, 225
F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review
mechanism set forth in § 2244(b) requires the permission of the
court of appeals before 'a second or successive habeas application
under § 2254' may be commenced.").  Because Petitioner has not
obtained authorization from the Ninth Circuit Court of Appeals,
this Court cannot entertain the present Petition.  See Burton v.

Stewart, supra.

### ORDER

Accordingly, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:    June 29, 2016

_____
        STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE